IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12-cv-01929-RBJ-KMT

BRIAN EDMOND BATH,

 Plaintiff,

v.

HSBC, a Delaware foreign corporation, aka, ORCHARD BANK, aka, HSBC CARE SERVICES, aka, HSBC BANK,
DAVID A. BAURE, P.C., aka DAVID A BAUER,

 Defendants.

## ORDER

 This matter is before the court on "Plaintiff's Motion for Remand" (Doc. No. 20, filed November 20, 2012). Although not yet fully briefed, the court has decided this matter is nonetheless appropriate for review and ruling. *See* D.C.COLO.LCivR 7.1 C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

 Plaintiff seeks to "remand" his case to Colorado Small Claims Court on the basis that he improperly brought a case in federal court that in no way could exceed the $75,000 threshold applicable to federal diversity jurisdiction. (Doc. No. 20.) However, remand in federal court is governed by 28 U.S.C. § 1447, which requires a case to have been removed to federal court in the first place. *See* 28 U.S.C. § 1447(c). Plaintiff commenced this action in federal court, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which is a

federal statute. (*See* Doc. No. 1, filed July 24, 2012.) As the case was originally brought in federal court, rather than removed from state court, remand on the basis of a defect in removal is inapplicable. Furthermore, even if remand were available to Plaintiff, jurisdiction is proper in federal court because the claims here are based on federal statutory law.[1]

Therefore, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Motion for Remand" (Doc. No. 20) is **DENIED**.

Dated this 27th day of November, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] Indeed, Plaintiff references federal question jurisdiction in his Complaint by asserting that jurisdiction arises under 28 U.S.C. § 1331. (*See* Doc. No. 1 ¶ 1.)