IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01929–RBJ–KMT

BRIAN EDMOND BATH,

    Plaintiff,

v.

HSBC, a Delaware foreign corporation, aka, ORCHARD BANK, aka, HSBC CARE SERVICES, aka, HSBC BANK, and
DAVID A. BAUER, P.C., aka DAVID A BAUER,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on "Defendant David A. Bauer P.C.'s Motion to Dismiss." (Doc. No. 47, filed Apr. 18, 2013.) Plaintiff filed his Response on April 24, 2013 (Doc. No. 51 [Resp.]) and Defendant David A. Bauer P.C. ("Bauer") filed its Reply on May 6, 2013 (Doc. No. 53 [Reply]). The court also considers herein "Plaintiff's Motion for Leave to File Amended Pleading" (Doc. No. 31, filed Jan. 2, 2013); Bauer's "Second Motion to Compel Discovery Responses" (Doc. No. 45, filed Apr. 12, 2013) and "Motion for Sanctions" (Doc. No. 49, filed Apr. 19, 2013); and the "Motion of Defendant HSBC Card Services, Inc. to Set Aside Default" (Doc. No. 55, filed May 17, 2013).

On July 30, 2012, Plaintiff filed his Amended Complaint in this action alleging claims for violations of the Federal Fair Debt Collection Practices Act (FDPCA). (*See* Am. Compl., Doc. No. 5.) On February 6, 2013, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Colorado. (Mot. Dismiss, Ex. B.) In its Motion to Dismiss, Bauer argues that because Plaintiff has filed for Chapter 7 bankruptcy, he lacks standing to prosecute his claims and that, therefore, the court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

## ANALYSIS

Bauer's argument that Plaintiff lacks standing to prosecute this action rests on its contention that when Plaintiff filed his Chapter 7 bankruptcy petition, all of his asserted claims became part of the bankruptcy estate. While Bauer is correct that Plaintiff's claims are now part of the bankruptcy estate, the court disagrees with Bauer's conclusion that the court therefore lacks subject matter jurisdiction.

Federal Rule of Civil Procedure 17(a) mandates that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). When a plaintiff files for bankruptcy, a bankruptcy estate is created and the bankruptcy trustee gains control over all "property of the estate," including "all legal or equitable interest of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a). Claims and causes of action belonging to the debtor at the time of the filing of the bankruptcy petition are "property" of a bankruptcy estate. *Sender v. Simon,* 84 F.3d 1299, 1305 (10th Cir. 1996). Absent abandonment, the trustee of the bankruptcy estate becomes the real party in interest under Rule 17(a) and the

only party with the authority to pursue such actions on the estate's behalf. *Riggs v. Aetna Life Ins. Co.,* 188 F. App'x 659, 663 (10th Cir. 2006) (citing 11 U.S.C. § 323).

However, the fact that Plaintiff is not the real party in interest does not raise justiciability concerns. *FDIC v. Bachman,* 894 F.2d 1233, 1236 (10th Cir. 1990). Although "standing jurisprudence is helpful by analogy in resolving real-party-in-interest issues, this does not convert real party in interest into a nonwaivable issue of subject matter jurisdiction" under Fed. R. Civ. P. 12(b)(1). *Id.* Instead, the court considers the issue of whether claims are being prosecuted by a party other than the real party in interest pursuant to Federal Rules of Civil Procedure 12(b)(6) or 56. *EEOC v. Outback Steak House,* No. 06-cv-01935-EWN-BNB, 2007 WL 2947326, at *1 (D. Colo. Aug. 27, 2007) (citing *Bosse v. Crowell Collier & MacMillan,* 565 F.2d 602, 612 (9th Cir. 1977); *Wells Fargo NW Bank v. Varig-S.A.,* 108 F. App'x 6, 8 (2d Cir. 2004)).

The court takes judicial notice of Plaintiff's bankruptcy court filings and will consider this issue under Rule 12(b)(6). *In re Winslow,* 186 B.R. 716, 721 (D. Colo. 1995) (citing *St. Louis Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979)) (court properly may take judicial notice of its own records and those of other courts.). Plaintiff filed his Chapter 7 bankruptcy over six months after this action was commenced. (*See* Mot. Dismiss, Ex. A.) As such, each of Plaintiff's claims asserted in this action are part of the bankruptcy estate, and the United States Trustee ("Trustee"), rather than Plaintiff, is now the real party in interest with respect to these claims.

In his Response, Plaintiff argues against dismissal because he has moved to voluntarily dismiss his bankruptcy case. (Resp. at 2; Ex. A.) The Trustee, however, has objected to Plaintiff's motion to dismiss the bankruptcy action on grounds that Plaintiff has failed to state "cause" to dismiss the bankruptcy action. (Reply, Ex. A); *see also* 11 U.S.C. § 707(a) (bankruptcy court may dismiss a case under Chapter 7 "only after notice and a hearing and only for cause."). In any event, the fact that Plaintiff has moved to dismiss his bankruptcy case does not alter the fact that, at this juncture, Plaintiff is not the real party in interest with respect to the claims asserted in this action. That is, unless and until the Bankruptcy Court grants Plaintiff's motion to voluntarily dismiss the Plaintiff's Chapter 7 case, his claims remain part of the bankruptcy estate and only the Trustee may pursue these claims on behalf of the estate.

Nevertheless, although Plaintiff is not the real party in interest with respect to the claims asserted in this action, dismissing this case would be inappropriate. Federal Rule of Civil Procedure 17(a)(3) provides: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *See also Gilman v. Target Corp.,* No. 09-cv-00669-ZLW-KMT, 2009 WL 4611474, at 3 (D. Colo. Dec. 1, 2009). At this time, it is unclear whether the Trustee has been notified of this action. Accordingly, the court must allow the Trustee a reasonable amount of time to ratify, join, be substituted, or take other action with respect to the claims herein.

As a final matter, because Plaintiff is no longer the real party in interest, and in order to avoid prejudicing the Trustee by litigating this case in her absence, the court finds it appropriate

4

to deny "Plaintiff's Motion for Leave to File Amended Pleading"; Bauer's "Second Motion to Compel Discovery Responses" and "Motion for Sanctions"; and the "Motion of Defendant HSBC Card Services, Inc to Set Aside Default" without prejudice with leave to re-file, if appropriate, if and when (1) the bankruptcy trustee has elected an appropriate course of action (i.e. ratification, joinder, substitution, etc.), or (2) the Bankruptcy Court has granted Plaintiff's motion to voluntarily dismiss the bankruptcy action. *See Wilkerson v. Schirmer Eng'r Corp.,* No. 04-cv-00258-WDM-MEH, 2009 WL 2766716, at *2 (D. Colo. Aug. 26, 2009) (quoting *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.,* 79 F.3d 1038, 1042 (10th Cir. 1996)) (finding, for purposes of intervention as of right under Fed. R. Civ. P. 24(a) that the bankruptcy's interest in the pending litigation was "direct, substantial, and legally protectable.").

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant David A. Bauer P.C.'s Motion to Dismiss" (Doc. No. 47) be DENIED. The court further RECOMMENDS that the Bankruptcy Trustee in Bankruptcy Case No. 13-11630-MER be given a reasonable time to ratify, join, or be substituted into this action, pursuant to Fed R. Civ. P. 17(a)(3).

It is further ORDERED that the Clerk of Court shall send a copy of this Recommendation to Counsel for the United States Trustee at the following address:

> Alan K. Motes
> Trial Attorney for the U.S. Trustee
> 999 18th Street, Suite 1551
> Denver, CO 80202

It is further ORDERED that "Plaintiff's Motion for Leave to File Amended Pleading" (Doc. No. 31); Bauer's "Second Motion to Compel Discovery Responses" (Doc. No. 45) and "Motion for Sanctions" (Doc. No. 49); and the "Motion of Defendant HSBC Card Services, Inc to Set Aside Default" (Doc. No. 55) are DENIED without prejudice with leave to re-file if and when (1) the bankruptcy trustee has elected an appropriate course of action (i.e. ratification, joinder or substitution), or (2) the Bankruptcy Court has granted Plaintiff's Motion to Voluntarily Dismiss the Bankruptcy Action.

It is further ORDERED that all discovery and the dispositive motions deadline are STAYED until further order of the court. The parties shall file a Status Report within 10 days after the bankruptcy trustee has elected an appropriate course of action or the Bankruptcy Court has granted Plaintiff's Motion to Voluntarily Dismiss the Bankruptcy Action to advise whether the stay should be lifted.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of May, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge